**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   Cr. No. 10-147-S
                                    )
DENNIS S. RONDEAU                   )
_____ )

### ORDER

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Denis Rondeau's Motion to Strike Conditions of Release (ECF No. 9). Specifically, Defendant moves to strike the conditions of home detention and electronic monitoring. Defendant argues that these statutorily mandated bail conditions under the 2006 Adam Walsh Child Protection Safety Act (the "Adam Walsh Act"), 42 U.S.C. § 16901 et seq., are unconstitutional, facially and as applied, both under the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment. For the reasons set forth below, Defendant's motion is DENIED.

I. Background

In 1976, Defendant was convicted in Massachusetts of kidnapping and indecent assault of a child under the age of sixteen. He was imprisoned for eight years and then civilly committed as sexually dangerous for another eight years. In April 2010, Florida law enforcement informed Defendant that he

was required to register as a sex offender. He signed a form acknowledging his obligation to register in Florida or any other State in which he became a resident. Defendant did not register, however, and shortly thereafter moved to Rhode Island, where he has resided since about May 2010. On August 31, 2010, Defendant was arrested by Rhode Island law enforcement for failing to register.

On October 6, 2010, a Federal Grand Jury indicted Defendant for failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). He was arraigned on October 7, 2010 in United States District Court before Magistrate Judge David L. Martin, and released pursuant to the Court's Order Setting Conditions of Release, which included, <u>inter</u> <u>alia</u>, the mandatory conditions of electronic monitoring and home confinement.

II. Discussion

The Adam Walsh Act amended the Bail Reform Act of 1984, 18 U.S.C. § 3142, to require defendants charged with violating SORNA and certain other statutes to be subject to a prescribed minimum set of release conditions, including, among other things, electronic monitoring and a curfew, 18 U.S.C. § 3142(c)(1)(B). Because the Supreme Court has held, in the context of bail, that a statute is facially unconstitutional only if it can never be applied in a valid manner, <u>United States</u>

2

v. Salerno, 481 U.S. 739, 745 (1987), this Court first turns to Defendant's as-applied challenge, as it is dispositive.

In United States v. Kennedy, the Ninth Circuit vacated a district court order finding the Adam Walsh Act unconstitutional as applied to the defendant, and remanded the case for further proceedings. 327 Fed. Appx. 706 (9th Cir. 2009) (unpublished mem.). Invoking the doctrine of constitutional avoidance, the panel found the Adam Walsh Act constitutionally sound by construing it "to require the district court to exercise its discretion, to the extent practicable, in applying the mandatory release conditions." Id. at 707 (citing St. Martin Evangelical Lutheran Church v. South Dakota, 451 U.S. 772, 780 (1981)) ("A statute, of course, is to be construed, if such a construction is fairly possible, to avoid raising doubts of its constitutionality."); see also United States v. Frederick, Slip Copy, Cr. No. 10-30021-RAL, 2010 WL 2179102, at *9-12 (D.S.D. May 27, 2010) (employing the doctrine of constitutional avoidance to reject defendant's facial and as-applied challenge to the Adam Walsh Act). Importantly, the terms "curfew" and "electronic monitoring" are undefined by the statute[1] and thus

---

[1] "For example, a 'condition of electronic monitoring' shall be imposed, but the statute does not require or define that condition to be continuous or limited to a particular locality. 18 U.S.C. § 3142(c)(1)(B). . . . A 'curfew' must be specified, but the statute also does not define it as a certain time of day or night or number of hours per day. 18 U.S.C. §

3

leave the district court with ample discretion in setting conditions of release. <u>Kennedy</u>, 327 Fed. Appx. at 707; <u>accord</u> <u>United States v. Stephens</u>, 594 F.3d 1033, 1039 (8th Cir. 2010).

Defendant is incorrect in asserting that Magistrate Judge Martin applied the Adam Walsh Act's mandatory release conditions mechanically and without a finding of necessity. Judge Martin heard Defendant and considered a number of individualized factors before imposing his release conditions. He indicated that the conditions imposed on the Defendant were appropriate given the nature of the charge (failing to register as a sex offender) and the interest of enabling law enforcement to track and locate him. Judge Martin also noted his awareness of various district court decisions finding the Adam Walsh Act unconstitutional, but stated that he was not convinced that the mandatory release conditions were inappropriate in this case.

Finding the holdings of <u>Kennedy</u> and <u>Stephens</u> persuasive, this Court construes the Adam Walsh Act to require a district court to conduct an individualized inquiry and to exercise discretion in applying its mandatory release conditions. Thus, as applied to Defendant, the Adam Walsh Act does not run afoul of due process because Magistrate Judge Martin did just that and appropriately tailored the Defendant's release conditions to the

---

3142(c)(1)(B)(vii)." <u>United States v. Kennedy</u>, 327 Fed. Appx. 706, 707 (9th Cir. 2009) (unpublished mem.).

circumstances of his situation.  Moreover, because Defendant's as-applied challenge fails, per Salerno his facial challenge must also fail.  481 U.S. at 745 ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid.  The fact that the Bail Reform Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid.").

Defendant's Eighth Amendment challenge to the Adam Walsh Act is similarly unpersuasive.  As the Eighth Circuit recognized in Stephens, the Supreme Court has upheld Congress's power to impose mandatory detention for certain classes of nonbailable cases.  594 F.3d at 1039 (citing Carlson v. Landon, 342 U.S. 524, 545 (1952)).  Given that, this Court sees no reason why Congress cannot also impose the mandatory release conditions provided for in the Adam Walsh Act, as such conditions are less restrictive than detention, are narrowly tailored to this particular class of offenders, and as discussed above can be individualized to the specific defendant before the court.  See e.g., Hunt v. Roth, 648 F.2d 1148, 1161 (8th Cir. 1981) (opining that in noncapital cases "Congress and the states may reasonably legislate as to the right to bail for certain offenses provided the power is exercised rationally, reasonably, and without

5

discrimination") (citation and quotation omitted), <u>vacated as moot sub nom.</u> <u>Murphy v. Hunt</u>, 455 U.S. 478 (1982) (per curiam); <u>United States v. Portes</u>, 786 F.2d 758, 766 (7th Cir. 1985) ("The Supreme Court has already recognized that Congress has the power to deny bail in capital cases. The Bail Reform Act is another congressional determination that the court has the power to deny bail under certain circumstances." (citing <u>Carlson</u>, 342 U.S. at 545)). Moreover, as to Defendant's as-applied challenge, because Magistrate Judge Martin determined that the Adam Walsh Act's mandatory release conditions were not inappropriate in this case, the conditions imposed do not constitute excessive bail in violation of the Eighth Amendment.

III. Conclusion

For the reasons set forth above, Defendant's Motion to Strike Conditions of Release is DENIED. The Court notes that Defendant is free to petition the Probation Office for any specific requests for modifications to his release conditions.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: December 16, 2010